UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KWAN D. ALLEN & JELINDA GIBSON ALLEN | CIVIL ACTION |
| VERSUS | NO: 13-6332 |
| LPP, ET AL. | SECTION: "A" (1) |

## ORDER

The following motions are before the Court: **Ex Parte Motion for Declaratory Judgment, Injunctive Relief, and Restraining Order Urgently (Rec. Doc. 2)** and **Amended Ex Parte Motion for Declaratory Judgment, Injunctive Relief, and Restraining Order Urgently (Rec. Doc. 5)** filed by *pro se* Plaintiffs, Kwan D. Allen and Jelinda Gibson Allen. The motions are before the Court on the briefs without oral argument.

## I. BACKGROUND

Plaintiffs Kwan D. Allen and Jelinda Gibson Allen filed this federal complaint *pro se* on November 4, 2013, seeking *inter alia* to have this Court intervene on their behalf in ongoing[1] state court foreclosure proceedings that certain of the defendants instituted against them. Plaintiffs complain that LLP/MGC had instituted a foreclosure action in either 2009 or 2010 and ultimately settled the matter with Plaintiffs by entering into a loan modification agreement. Plaintiffs contend that the note holders had no intention of honoring the agreement because even though Mr. Allen made several attempts to pay on the debt he was told by certain defendants not to make any payments. Then sometime in late 2013 Defendants once again initiated foreclosure proceedings in Orleans Parish court. Plaintiffs complain that Defendants continue to pursue foreclosure relief in state court and that the

---

[1] It is unclear from the pleadings whether the state court proceedings have concluded in a final judgment or remain pending.

attorneys for the note holders have ignored requests by Plaintiffs' state court counsel to try to resolve the matter.

Plaintiffs' complaint in this Court seeks a declaratory judgment to determine the parties' respective rights vis à vis the indebtedness and mortgage on the property. Plaintiffs also seek injunctive relief from this Court asking the Court to enjoin the state court proceedings. Plaintiffs seek damages, both compensatory and punitive.

Via this Order and Reasons the Court addresses Plaintiffs' motions for emergency relief only. The Court assumes without deciding *solely for the purpose of clarifying that Plaintiffs are not entitled to emergency relief from a federal court* that it has subject matter jurisdiction over this action.[2]

## II. DISCUSSION

Plaintiffs request emergency relief in the form of a declaratory judgment of the rights of the parties and injunctive relief to prevent the state court from seizing and selling their property.

The request for ex parte emergency declaratory relief is DENIED. Assuming that the

---

[2] Plaintiffs are attempting to rely on federal question jurisdiction because they claim that the foreclosure proceedings against them constitute a violation of their constitutional rights. Recognizing that *pro se* pleadings are entitled to a liberal interpretation, *see Champion v. United States*, 421 Fed. Appx. 418, 420-21 (5th Cir. 2011) (unpublished (*citing Tex. Comptroller of Pub. Accts. v. Liuzza*, 610 F.3d 937, 941 n.4 (5th Cir. 2010)), Plaintiffs' pleadings nonetheless suffer from a lack of any factual support whatsoever for the contention that any federal right is implicated in this case. The crux of the complaint is that Defendants have failed to honor the loan modification agreement from 2010 as evinced by their initiation of the state court action, but even if Defendants have done so in bad faith or maliciously this conduct does not violate the federal constitution. Absent federal question jurisdiction, this Court will be completely without jurisdiction over this lawsuit because the parties are not completely diverse in citizenship, and the Declaratory Judgment Act, 28 U.S.C. § 2201 does not provide an independent basis for subject matter jurisdiction. *In re B-727 Aircraft*, 272 F.3d 264, 270 (5th Cir. 2001). And of course, Plaintiffs are surely going to face a *Rooker-Feldman* challenge once a final judgment issues in state court because federal courts have no appellate jurisdiction over state court decisions. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (*citing Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923)).

Court would even have subject matter jurisdiction over a declaratory judgment action, *see* note 1 *supra*, under the Declaratory Judgment Act a district court has discretion to decide whether to entertain the action. *St. Paul Insurance Co. v. Trejo*, 39 F.3d 585, 590 (5th Cir. 1994) (*citing* 28 U.S.C. § 2201)). Relevant factors that the Court must consider in determining whether to entertain an action include whether there is a pending state court action in which all of the matters in controversy may be fully litigated, and whether retaining the lawsuit in federal court would serve the purposes of judicial economy. *Trejo*, 39 F.3d at 590-91 (*quoting Travelers Ins. Co. v. La. Farm Bureau Federation*, 996 F.2d 774, 778 (5th Cir. 1993)). Additionally, the Court must ascertain whether it is being called upon to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending. *Id.*

Plaintiffs are essentially seeking to have this Court supervise or take control of the case against them in state court, which is not something that federal courts are authorized to do. Assuming *arguendo* that the Court would find it appropriate to entertain a declaratory judgment action in this case, emergency relief is not warranted.

The request for emergency injunctive relief is also DENIED. The Anti-Injunction Act, 28 U.S.C. § 2283, governs whether a district court can properly enjoin pending state court litigation. *Newby v. Enron Corp.*, 338 F.3d 467, 473 (5th Cir. 2003). The Anti-Injunction Act provides:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C.A. § 2283. Because the Anti-Injunction Act serves as a general prohibition on a federal court's ability to grant an injunction to stay proceedings in state court, one of the Act's three enumerated exceptions must apply in order for an injunction to issue. *See*

*Blanchard v. Park Plantation, LLC*, 553 F.3d 405, 407 (5th Cir. 2008). None of the Act's exceptions are even arguably applicable in this case.[3]

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Ex Parte Motion for Declaratory Judgment, Injunctive Relief, and Restraining Order Urgently (Rec. Doc. 2)** and **Amended Ex Parte Motion for Declaratory Judgment, Injunctive Relief, and Restraining Order Urgently (Rec. Doc. 5)** filed by *pro se* Plaintiffs, Kwan D. Allen and Jelinda Gibson Allen are **DENIED**.

November 20, 2013

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[3] Louisiana Code of Civil Procedure article 2642 provides the mechanism to take a suspensive appeal from an order directing the issuance of a writ of seizure and sale. Further, article 2004(A) allows for annulment of a judgment obtained by fraud or ill practices. The Court strongly advises Plaintiffs to avail themselves of the remedies available to them under state law because a federal court will not likely be able to grant them the relief that they seek .