UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KWAN D. ALLEN & JELINDA GIBSON ALLEN | CIVIL ACTION |
| VERSUS | NO: 13-6332 |
| LPP, ET AL. | SECTION: "A" (1) |

## ORDER

The following motions are before the Court: **Motion to Dismiss (Rec. Doc. 18)** filed by defendants LPP Mortgage Ltd., Property Acceptance Corp., MGC Mortgage, Inc., and Beal's Bank, S.S.B. ("the LPP Movants"); **Motion to Dismiss (Rec. Doc. 20)** filed by Shapiro & Daigrepont, LLC and Toni Arnona ("the Shapiro Movants"); **Motion for Leave to File Out of Time Motion to Supplement and Amend Original Petition for a Second Time (Rec. Doc. 28)** filed by *pro se* Plaintiffs, Kwan D. Allen and Jelinda Gibson Allen. The motions are before the Court on the briefs without oral argument.

## I.   BACKGROUND

Plaintiffs Kwan D. Allen and Jelinda Gibson Allen filed this federal complaint *pro se* on November 4, 2013, seeking *inter alia* to have this Court intervene on their behalf in ongoing[1] state court foreclosure proceedings that certain of the defendants instituted against them. Plaintiffs complain that LPP/MGC had instituted a foreclosure action in either 2009 or 2010 and ultimately settled the matter with Plaintiffs by entering into a loan modification agreement. Plaintiffs contend that the note holders had no intention of honoring the agreement because even though Mr. Allen made several attempts to pay on the debt he was told by certain defendants not to make any payments. Then sometime in late 2013

---

[1] It is unclear from the pleadings whether the state court proceedings have concluded in a final judgment or remain pending.

Defendants once again initiated foreclosure proceedings in Orleans Parish court. Plaintiffs complain that Defendants continue to pursue foreclosure relief in state court and that the attorneys for the note holders have ignored requests by Plaintiffs' state court counsel to try to resolve the matter.

Plaintiffs' complaint in this Court seeks a declaratory judgment to determine the parties' respective rights vis à vis the indebtedness and mortgage on the property. Plaintiffs also seek injunctive relief from this Court asking the Court to enjoin the state court proceedings. Plaintiffs seek damages, both compensatory and punitive.

Via an Order and Reasons entered on November 21, 2013 (Rec. Doc. 6), the Court addressed Plaintiffs' motions for emergency relief. First, the Court assumed without deciding (solely for the purpose of clarifying that Plaintiffs were not entitled to emergency relief from a federal court) that it had subject matter jurisdiction over this action.[2] Then, the Court denied Plaintiffs' request for emergency relief, alluding to the state court remedies that

---

[2] The Court stated:
Plaintiffs are attempting to rely on federal question jurisdiction because they claim that the foreclosure proceedings against them constitute a violation of their constitutional rights. Recognizing that *pro se* pleadings are entitled to a liberal interpretation, *see Champion v. United States*, 421 Fed. Appx. 418, 420-21 (5th Cir. 2011) (unpublished (*citing Tex. Comptroller of Pub. Accts. v. Liuzza*, 610 F.3d 937, 941 n.4 (5th Cir. 2010)), Plaintiffs' pleadings nonetheless suffer from a lack of any factual support whatsoever for the contention that any federal right is implicated in this case. The crux of the complaint is that Defendants have failed to honor the loan modification agreement from 2010 as evinced by their initiation of the state court action, but even if Defendants have done so in bad faith or maliciously this conduct does not violate the federal constitution. Absent federal question jurisdiction, this Court will be completely without jurisdiction over this lawsuit because the parties are not completely diverse in citizenship, and the Declaratory Judgment Act, 28 U.S.C. § 2201 does not provide an independent basis for subject matter jurisdiction. *In re B-727 Aircraft*, 272 F.3d 264, 270 (5th Cir. 2001). And of course, Plaintiffs are surely going to face a *Rooker-Feldman* challenge once a final judgment issues in state court because federal courts have no appellate jurisdiction over state court decisions. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (*citing Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923)).
Rec. Doc. 6; Order and Reasons of 11/20/13 at 2 n.2.

Plaintiffs should have pursued, and explaining why this Court could not enjoin the state court proceedings. (Rec. Doc. 6).

The instant motions to dismiss were filed in January of this year. The Court allowed Plaintiffs several extensions of time to respond to the motions in light of their pro se status and personal circumstances. Instead of filing oppositions to the motions, Plaintiffs eventually moved to transfer this matter to state court. (Rec. Doc. 26). The Court denied that motion, explaining to Plaintiffs that this Court had no procedural vehicle to transfer a complaint initiated in federal court to a state court. (Rec. Doc. 27). The Court then postponed the submission date on Defendants' motions once again in order to allow Plaintiffs additional time to file their oppositions. (Rec. Doc. 28). Notwithstanding that Defendants' motions, which were filed in January, were continued to June 2014 for hearing in order to facilitate Plaintiffs in their efforts to oppose the motions, Plaintiffs nonetheless did not file oppositions to Defendants' motions and moved instead for leave to amend their complaint. (Rec. Doc. 28).

Via the instant motions the moving defendants seek dismissal of all of Plaintiffs' claims. The LPP Movants' motion is brought under Rule 12(b)(6) and focuses on the factual deficiencies in the complaint. The Shapiro Movants' motion raises various Rule 12(b)(6) challenges as well as a subject matter challenge under Rule 12(b)(1).

## II.    DISCUSSION

Before the Court can entertain Defendants' merits challenges under Rule 12(b)(6), or Plaintiffs' request to amend their complaint, the Court must determine whether it has subject matter jurisdiction over this action.[3] It is incumbent upon federal courts to dismiss

---

[3] A Rule 12(b)(6) dismissal is one on the merits and with prejudice. *See Cox, Cox, Camel & Wilson, LLC v. Sasol N. Am., Inc.*, 544 Fed. Appx. 455 (5th Cir. 2013) (unpublished). Therefore, a federal court must have subject matter jurisdiction over an action before it can dispose of any

3

an action whenever it appears that subject matter jurisdiction is lacking, and the Court must do so *sua sponte* if the parties have not brought the issue to the attention of the Court. *Marshall v. Gibson's Prods., Inc.*, 584 F.2d 668, 671-72 (5th Cir. 1978) (citing *Mansfield, Coldwater & Lake Mich. R.R. v. Swan*, 111 U.S. 379 (1884)).

      Again, the crux of the complaint is that the LPP Movants breached a loan modification agreement by instituting a foreclosure proceeding rather than accepting additional payments. *See* note 2, *supra*. The claims raised in the complaint are ostensibly state-law-based. But the Court cannot exercise original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) (diversity jurisdiction) over state claims because the parties are not completely diverse in citizenship. The Court must therefore determine whether the complaint alleges any claims under federal law so that the Court can exercise original federal question jurisdiction pursuant to 28 U.S.C. § 1331. If federal question jurisdiction exists then the Court can exercise supplemental jurisdiction over the state causes of action, *see* 28 U.S.C. 1367(a). But if federal question jurisdiction is lacking, then the entire complaint must be dismissed for lack of jurisdiction.

      It is clear that Plaintiffs were eager to successfully invoke federal question jurisdiction when they filed this complaint because they had hoped that a federal court would intervene on their behalf in the state court proceedings. Thus, in the Introduction section of the Complaint Plaintiffs state that "[t]his is a Federal Civil Rights action brought as a result of what the Plaintiffs believe to have been a violation of, <u>inter alia</u>, [their] federal civil constitutional rights . . . ." (Rec. Doc. 4, First Amend. Pet. ¶ 1) (emphasis in original). Plaintiffs expressly invoke 42 U.S.C. §§ 1981 ("Equal Rights Under the Law"), 1982

---

claims under Rule 12(b)(6). *Id.* Further, if the Court lacks jurisdiction over the original complaint, then Plaintiffs cannot amend to add new claims in order to create jurisdiction. *See Whitmire v. Victus Ltd*, 212 F.3d 885 (5th Cir. 2000); *In re Katrina Canal Breaches Litig.*, 342 Fed. Appx. 928, 931 (5th Cir. 2009) (unpublished).

("Property Rights of Citizens"), 1983 ("Civil Action for Deprivation of Rights"), 1985 ("Conspiracy to Interfere With Civil Rights"), & 1986 ("Action for Neglect to Prevent"). (*Id.*). In the Jurisdiction section of the Complaint, Plaintiffs refer to the Fourth and Fourteenth Amendments.[4] (*Id.* ¶ 3).

In light of the facts alleged, any claims grounded on constitutional protections and 42 U.S.C. § 1983 are legally frivolous. To state a claim under § 1983 the plaintiff must allege a violation of a right secured by the Constitution and laws of the United States, and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). Not only is the complaint bereft of any factual allegations to support a violation of a federal right, the complaint is also completely lacking in any suggestion of state action.

Unlike 42 U.S.C. § 1983, §§ 1981, 1985, and 1986 can apply to private actors. Section 1981 prohibits intentional racial discrimination in the making and enforcing of contracts. *Runyon v. McCrary*, 427 U.S. 160, 168 (1976); *Oden v. Oktibbeha Cnty.*, 246 F. 3d 458, 463 (5th Cir. 2001).[5] This provision is not implicated under the facts alleged in the complaint,

---

[4] The following statutory cites are also recited in the Jurisdiction section: 15 U.S.C. § 1681, 12 U.S.C. § 1421, 12 U.S.C. § 1451, and 12 U.S.C. § 3751. None of these citations provide causes of action, and none of them are specifically alleged in any count in the Complaint.

[5] 42 U.S.C. § 1981, entitled Equal Rights Under the Law, provides:

(a) Statement of equal rights

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) "Make and enforce contracts" defined

> For purposes of this section, the term "make and enforce contracts" includes

which lack any suggestion of discriminatory animus.

Plaintiffs do not indicate which section of § 1985 that they rely upon. But § 1985(1) pertains to conspiracies to prevent a federal officer from discharging his duties, and is therefore patently inapplicable to this case. 42 U.S.C. § 1985(1); *Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 687 (5th Cir. 2010).[6] Section 1985(2) requires a nexus with a federal judicial proceeding, which renders this section patently inapplicable. *Bradt v. Smith*, 634 F.2d 796, 799 (5th Cir. 1981) And §§ 1985(2) & (3) both require claims predicated on allegations of discriminatory animus, which again is not part of this case. *Bryant*, 597 F.3d at 687.[7][8] Section 1986 does not provide an independent cause of action but instead requires the

---

> the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.
>
> (c) Protection against impairment
>
> > The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

[6] 42 U.S.C. § 1985(1), entitled Preventing an Officer From Performing Duties, provides:

If two or more persons in any State or Territory conspire to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof; or to induce by like means any officer of the United States to leave any State, district, or place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties.

[7]   42 U.S.C. § 1985(2), entitled Obstructing Justice; Intimidating Party, Witness, or Juror, provides:

> If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any

existence of a valid claim under § 1985.[9] *Bradt*, 634 F.2d at 799 n.3. Therefore, like the

---

matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.

[8]  42 U.S.C. § 1985(3), entitled Depriving Persons of Rights or Privileges, provides:

If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

[9]  42 U.S.C. § 1986, entitled Action for Neglect to Prevent, provides:

Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do,

claims purportedly brought under § 1983, the §§ 1981, 1985, and 1986 claims are also legally frivolous in light of the complaint's factual allegations.

For the foregoing reasons, even under the most liberal of constructions,[10] the complaint does not allege any claims under federal law, a deficiency not overcome by conclusory claims of federal jurisdiction. The question then becomes whether the purported federal claims are subject to dismissal pursuant to Rule 12(b)(6), which the Court can only do if it has original subject matter jurisdiction, or if the claims are subject to dismissal without prejudice under Rule 12(b)(1) based on the absence of subject matter jurisdiction. Either way the federal claims fail, but dismissal pursuant to Rule 12(b)(6) gives the Court the discretion to nonetheless exercise supplemental jurisdiction over the state law claims.[11] *See* 28 U.S.C. § 1367(c)(3).

In making the Rule 12(b)(1) versus 12(b)(6) determination the Court is mindful that it

---

> if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action; and if the death of any party be caused by any such wrongful act and neglect, the legal representatives of the deceased shall have such action therefor, and may recover not exceeding $5,000 damages therein, for the benefit of the widow of the deceased, if there be one, and if there be no widow, then for the benefit of the next of kin of the deceased. But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.

[10] *Pro se* pleadings are given the benefit of liberal construction. *Cooper v. Sheriff of Lubbock Cnty.*, 929 F.2d 1078, 1081 (5th Cir. 1991).

[11] Even if the Court had dismissed the federal claims pursuant to Rule 12(b)(6), it would have declined jurisdiction over the state law claims because this case remains in the earliest of stages. The general rule is that a federal court should decline to exercise supplemental jurisdiction when all federal claims are dismissed prior to trial. *Brim v. ExxonMobil Pipeline Co.*, 213 Fed. Appx. 303, 305 (5th Cir. 2007).

must "avoid conflating" the question of subject matter jurisdiction with the question of whether the plaintiff has stated a valid claim for relief. *Smith v. Regional Trans. Auth.*, No. 13-30647, — F.3d —, 2014 WL 2853584, at *2 (5th Cir. June 23, 2014) (citing *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 510-11 (2006)). The Court must make this distinction because "the absence of a valid (as opposed to arguable) cause of action does not implicate subject matter jurisdiction." *ACS Recov. Servs., Inc. v. Griffin*, 723 F.3d 518, 523 (5th Cir. 2013) (quoting *Steel Co. v. Citizens for a Better Envir.*, 523 U.S. 83, 89 (1998)). But subject matter is implicated where the claim is "so insubstantial, implausible, foreclosed by prior decisions . . ., or otherwise completely devoid of merit as not to involve a federal controversy." *See id.* (quoting *Oneida Indian Nation of N.Y. v. Cnty. of Oneida*, 414 U.S. 661, 666 (1974)). If the claims that purport to invoke federal jurisdiction are not "colorable," *i.e.*, if the claims are "'immaterial and made solely for the purpose of obtaining jurisdiction' or [are] 'wholly insubstantial and frivolous,'" then the issue becomes one of subject matter jurisdiction. *See Arbaugh*, 546 U.S. at 513 n.10 (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946).

The Court is persuaded that the complaint in this matter is so utterly devoid of any colorable federal claim that the complaint is subject to dismissal pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. Plaintiffs' attempt to sue private, non-governmental actors for civil rights violations, and to sue those same defendants for violations of §§ 1981, 1985, and 1986 when those statutes are not even remotely implicated by the factual allegations, render any federal claims "insubstantial and frivolous," and therefore incapable of supporting subject matter jurisdiction.

In lieu of opposing the motions to dismiss, Plaintiffs have moved to amend their complaint once again, thereby hoping to moot the pending motions to dismiss. Because the Court lacks subject matter jurisdiction over the existing complaint, the clear law of this

circuit precludes Plaintiffs from amending their complaint to retroactively create jurisdiction where none exists. *In re Katrina Canal Breaches Litig.*, 342 Fed. Appx. at 931; *Whitmire*, 212 F.3d at 888.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 18)** filed by defendants LPP Mortgage Ltd., Property Acceptance Corp., MGC Mortgage, Inc., and Beal's Bank, S.S.B. and the **Motion to Dismiss (Rec. Doc. 20)** filed by Shapiro & Daigrepont, LLC and Toni Arnona are **GRANTED IN PART IN DENIED IN PART**. The motions are **GRANTED** insofar as the complaint is **DISMISSED** in its entirety **WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED** that the **Motion for Leave to File Out of Time Motion to Supplement and Amend Original Petition for a Second Time (Rec. Doc. 28)** filed by *pro se* Plaintiffs, Kwan D. Allen and Jelinda Gibson Allen is **DENIED**.

August 19, 2014

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE